IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,748






EX PARTE JOSE ANGEL MORENO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 1986-CR1042 FROM THE


227TH DISTRICT COURT OF BEXAR COUNTY






 Keller, P.J., filed a concurring opinion.


 

 Part of the reason for enacting the subsequent writ provisions of articles 11.07 and 11.071
was to ensure that a convicted person files only one writ application, in which all claims are raised. (1) 
Decisions about whether to reconsider applications should be exercised in conformity with that
policy. Otherwise, we open the floodgates to unlimited "suggestions to reconsider on the Court's
own initiative" that are actually subsequent applications. Reconsidering an application for writ of
habeas corpus after a significant passage of time should be a rare event, and should not become a
means of circumventing the statutes. At a minimum, two conditions should be present. First, the
reconsideration must indeed involve a claim that was originally raised in the application. Second,
an indisputable mistake of fact or law that the reconsideration seeks to rectify must have been made
by this Court. If this Court, for example, through no fault of the applicant, overlooks a critical fact
or legal claim that is in the habeas application and upon which relief should have been granted,
reconsideration is an appropriate vehicle by which to correct that mistake. Or if, as here, the United
States Supreme Court has held in a comparable case that our original decision with respect to the
application "was contrary to, or involved an unreasonable application of, clearly established Federal
law, as determined by the Supreme Court of the United States," (2) then we may reconsider the
application in order to correct what the Supreme Court has deemed an obvious and unreasonable
error. 

 With these comments, I join the Court's opinion. 

Filed: February 6, 2007

Publish 
1. Ex parte Torres, 943 S.W.2d 469, 473-74 (Tex. Crim. App. 1997)(adopts doctrine in
federal practice of limiting inmate to one application except in exceptional circumstances; limits
applicants to "one bite of the apple").
2. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007)(quoting 28 U.S.C. §2254(d)(1)).